|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3 | Alfredo CABRERA-RUIZ, | Case No.: 25-cv-3582-AGS-JLB |
| 4 | Petitioner, | **ORDER REQUIRING RESPONSE** |
| 5 | v. | |
| 6 | Christopher LaROSE, et al., | |
| 7 | Respondents. | |

Petitioner Alfredo Cabrera-Ruiz seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Cabrera-Ruiz "is a Mexican national who has lived in the United States since 1994." (ECF 1, at 2.) Immigration and Customs Enforcement officers detained him on "November 26, 2025," "during a routine check-in appointment," and he has been in custody ever since. (*Id.* at 7.) He "challenges the government's position that Petitioner is subject to mandatory custody under" "8 U.S.C. § 1225" as an "applicant for admission." (*Id.* at 3, 5.) He asserts that, because he crossed into the United States "in 1994," he is not an applicant for admission, and "8 U.S.C. § 1226(a)" should govern instead, which would allow his release "on bond or conditional parole." (*Id.* at 9.) The statutory misclassification, he argues, renders his detention "unlawful." (*Id.* at 2.)

This challenge has sufficient potential merit to warrant a response. Functionally

identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **December 23, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **December 30, 2025**. The Court will hold oral arguments on the petition on **January 6, 2026**, at **2:30 p.m.**

Dated:  December 16, 2025

Hon. Andrew G. Schopler
United States District Judge